UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HELEN and THOMAS DELANEY, | ) | |
|     Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| SPECIALIZED LOAN SERVICING, LLC; | ) | File No. 15-cv-5260 |
| NATIONSTAR MORTGAGE, LLC; and   v. | ) | |
| STRUCTURED ADJUSTABLE RATE | ) | Honorable Virginia M. Kendall |
| MORTGAGE LOAN TRUST, | ) | |
| MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATES, SERIES 2005-16XS, | ) | JURY TRIAL |
|     Defendants. | ) | DEMANDED |

**PLAINTIFFS' MOTION TO STAY**

Plaintiffs THOMAS AND HELEN DELANEY ("Plaintiffs"), by the undersigned attorneys, move this Court to stay the instant lawsuit pending resolution of the corresponding state foreclosure case, or in the alternative, for an extension of time to file a response brief to the pending Rule 12(b)(1) and 12(b)(6) motions to dismiss, and in support thereof, state as follows:

1. On June 15, 2015, Plaintiffs filed a complaint against Defendants SPECIALIZED LOAN SERVICING, LLC ("Specialized"), NATIONSTAR MORTGAGE, LLC ("Nationstar"), and STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-16XS ("Structured") for damages for breach of contract, and for violations of the RESPA, FDCPA, ICFA, and TILA. [DKT #1.]

2. Defendant Structured is also currently the plaintiff in a previously filed Lake County, Illinois foreclosure lawsuit against the Plaintiffs.

3. On August 19, 2015, Defendant Specialized filed a Rule 12(b)(1) & (6) motion to dismiss Plaintiffs' complaint. On August 20, 2015, Defendant Nationstar and Defendant Structured filed a Rule 12(b)(1) & (6) motion to dismiss Plaintiffs' complaint. [DKT ## 26, 29.]

4. Both motions argued (a) abstention pursuant to the *Colorado River* Doctrine, and (b) that Plaintiffs failed to state a claim. [*Id*.]

5. On August 28, 2015, the Court set a briefing schedule on the motions; Plaintiffs are to respond by September 8, 2015 and Defendants to reply by September 22, 2015. [DKY #34.]

6. Plaintiffs do not believe the *Colorado River* Doctrine is applicable here, but would consent to a stay to allow for complete adjudication of the state foreclosure to preserve resources. *See Pfizer Inc. v. Apotex Inc.,* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

    **I. Plaintiffs Consent to a Stay to Promote Judicial Economy**

7. Even if application of the *Colorado River* doctrine is warranted here, this Circuit has a strong preference to stay rather than dismiss the federal suit in light of the pending state action. *Lumen Construction, Inc. v. Brant Construction Co*., 780 F.2d 691, 698 (7th Cir. 1986).

8. If the matter is dismissed as opposed to being stayed pending resolution of the state lawsuit, Plaintiffs would run the risk of being time-barred from later raising their claims (for example, the FDCPA has a brief one-year statute of limitations). If the lawsuit is stayed, Plaintiffs' claims would be preserved – if the state court litigation proves to be an inadequate forum for prompt and complete resolution of all issues between all parties.

9. In *Nieves v. Bank of Am., N.A.,* 14-cv-2300, 2015 U.S. Dist. LEXIS 20383, at *22-*23 (N.D. Ill. Feb. 20, 2015), the case Defendants largely rely upon, the Honorable Judge Dow stayed – did not dismiss – the federal action based on the reasons stated below:

> The Court next considers whether to stay these proceedings, or, alternatively, whether to dismiss the complaint, as Defendants urge. The Seventh Circuit has explained the importance of a 'federal forum remain[ing] available to a plaintiff should the state court litigation prove not to be an adequate vehicle for the complete and prompt resolution of the issues between the parties.' *Selmon v. Portsmouth Drive Condo. Ass'n*, 89 F.3d 406, 410 (7th Cir. 1996)(quoting *Moses H. Cone Mem. Hosp*., 460 U.S. at 28). For example, '[a] dismissal, even without prejudice, creates a risk that the federal plaintiff will be time-barred from reinstating his federal suit if the state proceeding does not result in a final decision on the merits.' *Lumen Const. Inc. v. Brant Const. Co., Inc*., 780 F.2d 691, 698 (7th Cir. 1985). Accordingly, on numerous occasions, the Seventh Circuit has determined that 'a stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the *Colorado River* doctrine.' *Selmon*, 89 F.3d at 409-10 (collecting cases). The Court therefore will not dismiss the complaint, but rather will stay the action pending resolution of the State Foreclosure Action. The Court intends that staying this case will allow the state case to proceed. *Id*.

10. Also, if a dismissal order were entered, Plaintiffs' due process rights would be jeopardized, whereby Plaintiffs could not proceed with their federal claims in federal court, may be time-barred from reinstating their claims at a later date, and would also have no right to raise those same claims in the corresponding state court. (Specialized and Nationstar are not currently parties to the state action, and are only "permissive" parties under the Illinois Mortgage Foreclosure Law subject to the Judge's discretion. 735 ILCS 5/15-1501(a)-(b).)

## II.  Alternatively, Plaintiffs Request an Extension of Time to File a Response Brief

11. If this Court does not grant a stay, Plaintiffs would request an extension of time from September 8, 2015 to September 11, 2015 to file a joint response brief to Defendants' pending motions to dismiss. Under the circumstances, the request for a brief extension is reasonable, as a response brief at this time may be unnecessary depending upon the Court's ultimate ruling.

12. This request is made in good faith, in a effort to preserve resources, and is not meant to delay or disrupt the proceeding.

WHEREFORE, Plaintiffs request that this Honorable Court:

a. Stay the instant lawsuit pending final adjudication of the state foreclosure lawsuit; or

b. Alternatively, extend Plaintiffs' time to respond to Defendants' motions to dismiss from September 8, 2015 to September 11, 2015.

>Respectfully Submitted,
>
>By: ___/s/Mara A. Baltabols____
>**Mara A. Baltabols**
>Attorney for Plaintiffs
>Mara A. Baltabols ARDC # 6299033
>Mohammed O. Badwan ARDC # 6299011
>900 Jorie Blvd., Suite 150
>Oak Brook, IL 60523