IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELEN and THOMAS DELANEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 15 C 5260 |
| ) | |
| SPECIALIZED LOAN SERVICING, LLC; ) | Judge Virginia M. Kendall |
| NATIONSTAR MORTGAGE, LCC; and ) | |
| STRUCTURED ADJUSTABLE RATE ) | |
| MORTGAGE LOAN TRUST, MORTGAGE ) | |
| PASSTHROUGH CERTIFICATES, SERIES ) | |
| 2005-16XS, ) | |
| | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Helen and Thomas Delaney (collectively "Delaney") brought this action against Defendants Specialized Loan Servicing, LLC ("SLS"), Nationstar Mortgage, LLC, and Structured Adjustable Rate Mortgage Loan Trust, Mortgage Passthrough Certificates, Series 2005-16xs as the result of a mortgage dispute. Delaney alleges that Defendants breached the mortgage, failed to provide notice of service transfers, and engaged in unfair debt collection practices. Delaney's five-count complaint contains claims for: (1) breach of contract; (2) violation of the Real Estate Settlement Procedures Acts; (3) violation of the Fair Debt Collection Practices Act; (4) violation of the Illinois Consumer Fraud Protection Act; and (5) violation of the Truth in Lending Act. The Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) arguing that the Court should abstain from exercising jurisdiction. In the alternative, Defendants move to dismiss the complaint for failure to state a claim under Rule 12(b)(6). Specifically, SLS moves to dismiss the claims for breach of contract claim, violation of RESPA, and violation of ICFA. Nationstar and Structured move to dismiss the breach of

1

contract claim, RESPA claim, FDCPA claim, and ICFA claim. For the reasons stated below, the Court denies the Defendants' motion to dismiss without prejudice. The Court stays this case until the state court foreclosure action has concluded.

## BACKGROUND

This action stems from a mortgage obtained on March 15, 2005 by Delaney from Optima Mortgage Corporation for their residence. (Dkt. No. 1 at ¶13.) On October 24, 2012, Delaney received notice that she was in default. (*Id.* at ¶17.) Optima transferred the mortgage to Bank of America, who then transferred ownership rights to SLS in November 2012. (*Id.* at ¶¶16, 20.) On January 17, 2013, Delaney submitted a loan modification application to SLS pursuant to the Making Home Affordable Program ("HAMP"). (*Id.* at ¶21.) SLS sent Delaney a "Notice of Default and Notice of Intent to Foreclose" on January 25, 2013. (*Id.* at ¶22.) On March 28, 2013, SLS offered Delaney a HAMP trial period payment modification ("TPP") that required three payments and submission of all required documents in order to permanently modify the mortgage. (*Id.* at ¶24.) Delaney provided all three TPP payments in full and on time. (*Id.* at ¶25.) SLS subsequently offered Delaney a payment plan modification ("PPP") and Delaney made the first two PPP payments in compliance with its terms. (*Id.* at ¶¶30, 41-42.) Delaney also faxed SLS the signed PPP contract. (*Id.* at ¶32.)

On September 20, 2013, SLS notified Delaney that it was "unable to complete your modification because you did not return the signed modification documents by the specified due dates." (*Id.* at ¶44.) SLS advised Delaney that because she had faxed the PPP documents instead of mailing them, the loan modification was canceled. (*Id.* at ¶45.) On September 24, 2013, Delaney overnight mailed SLS the signed PPP documents along with a letter stating that she had faxed the loan modification documents originally. (*Id.* at ¶49; Ex. H.) SLS responded by

sending Delaney a "Notice of Default and Notice of Intent to Foreclose[.]" (*Id.* at ¶50; Ex. K.) Delaney then made two payments in accordance with the PPP that SLS accepted. (*Id.* at ¶¶51-52.) SLS offered Delaney another TPP with increased payments. (*Id.* at ¶53.) In response, Delaney called SLS and disputed the increased payment under the new TPP because she had already entered into a binding PPP and SLS had accepted two payments under its terms. (*Id.* at ¶54.) SLS next sent her a "Notice of Default and Intent to Foreclose" that did not recognize any binding PPP between SLS and Delaney. (*Id.* at ¶55.)

SLS transferred servicing of the mortgage to Nationstar in April 2014 but failed to provide Delaney a Notice of Transfer of Servicing pursuant to RESPA. (*Id.* at ¶58.) Navistar in turn sent Delaney its own RESPA Notice of Transfer of Servicing on April 1, 2014, but did not provide a 30-day validation notice pursuant to Section 1692(g) of the FDCPA. (*Id.* at ¶59.) On October 3, 2014, Structured filed foreclosure against Delaney and the property in Illinois state court. (*Id.* at ¶67.) But Delaney first learned that Structured was the holder of the mortgage on October 9, 2014 when Structured sent her a foreclosure complaint. (*Id.* at ¶68.) As a result of SLS and Nationstar's alleged mishandling of modification of the mortgage, Delaney has been denied options and benefits of loan modification payments under HAMP. (*Id.* at ¶74.) In addition, Delaney has been forced to move out of the residence. (*Id.* at ¶76.)

## LEGAL STANDARD

Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). To order to dismiss the claims under 12(b)(1), the Court must decline to exercise jurisdiction and dismiss the complaint or stay the federal proceeding under the *Colorado River* abstention doctrine. Under 12(b)(1), the Court must accept all well-pleaded facts as true and draw reasonable inferences in favor of the plaintiff. *See Capitol Leasing Co. v. F.D.I.C.*, 999

3

F.2d 188, 191 (7th Cir. 1993). In its consideration, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). The party seeking jurisdiction bears the burden of proving that jurisdiction is satisfied. *See Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

## DISCUSSION

Defendants argue that the complaint should be dismissed pursuant to Rule 12(b)(1) because the Court should abstain from exercising jurisdiction under the *Colorado River* doctrine. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). In general, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Huon v. Johnson & Bell, Ltd.*, 657 F3d 641, 645 (7th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 817)). The *Colorado River* doctrine nonetheless creates a narrow exception to this rule, allowing federal courts in exceptional cases to defer to a concurrent state court case because of the need to give "regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* The Court's duty is "not to find some substantial reason for the *exercise* of federal jurisdiction but instead to ascertain whether there exist exceptional circumstances, the clearest of justifications…to justify the *surrender* of that jurisdiction." *Id.* at 645-46 (citation and quotation omitted).

In determining whether to abstain under to the *Colorado River* doctrine, the Court conducts a two-part inquiry. *See Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2066). First, it must decide whether the concurrent state and federal actions are parallel. *Id.* The

4

two suits are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues." *Id.* at 752. But "[p]recisely formal symmetry is unnecessary" for finding they are parallel; rather, "the question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 499 (7th Cir. 2011) (quoting *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)). Second, only if the Court finds that the suits are parallel, it must then weigh a number of non-exclusive factors that can demonstrate the existence of exceptional circumstances. *Tyrer*, 456 F.3d at 751. There are ten such factors:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4)the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Adkins*, 644 F.3d at 500-01. These factors are not a "mechanical checklist" but require a "careful balancing" by the Court in light of the specific facts of the case. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983).

I. **The State and Federal Actions Are Parallel**

Defendants ask the Court to abstain from exercising jurisdiction because the state court assumed jurisdiction over the dispute regarding the lender's ability to foreclose on the property in an action filed by Structured eight months prior to the initiation of this case. (Dkt. No. 26 at 5; Dkt. No. 29 at 2-3.) They contend that the state foreclosure action and this case are parallel because all the parties in the state action are involved in this case and the same factual scenario and legal questions are at issue in both. (Dkt. No. 29 at 5-6; Dkt. No. 40 at 3.) In particular,

5

Defendants assert that the questions before both the state court and this Court are identical: whether Delaney is in default and whether the mortgagee has the right to collect on the debt through foreclosure and sale of the property. *Id.* Delaney on the other hand argues that the two cases are not parallel because SLS and Nationstar are not parties to the foreclosure proceeding and the state court action pertains to an equitable remedy while this case is for monetary damages.[1] (Dkt. No. 39 at 5.)

All of parties to the state foreclosure action are parties in this case as well. (Dkt. No. 1 at ¶67.) That case involves Structured and Delaney, while this one includes Structured and Delaney plus SLS and Nationstar. *Id.* Furthermore, the state foreclosure action and this action revolve around identical facts and legal issues: whether Delaney defaulted on the mortgage, whether Structured as the current mortgage holder is entitled to foreclose on the property, and whether Defendants complied with the original mortgage and the allegedly modified mortgage. Delaney posits that because all of her claims do not involve the right to foreclose and SLS and Nationstar are not parties to the state foreclosure action, the two cases are not parallel. *Id.* at 5-6. To the contrary, all of her claims relate to the Defendants' actions in seeking to collect mortgage payments and foreclose on the property. And the fact that SLS and Nationstar are not parties in state court is not fatal for finding two cases are parallel because "[p]recisely formal symmetry is unnecessary" in this inquiry. *Adkins*, 644 F.3d at 499; *see also AAR Intern., Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) ("Suits need not be identical to be parallel and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a

---

[1] Delaney also claims that the Court should abstain because the state court cannot provide a jury trial or relief at law and thus an abstention would deny her right to a jury trial or legal remedy because she would be forced to try her claims in a state court of equity. (Dkt. No. 39 at 7.) The Court rejects this argument because Illinois Supreme Court Rule 232 allows an Illinois court to separate equitable and legal matters in order for the legal matter to be tried before a jury. As such, the state court is equally capable of providing legal remedies and a jury trial. *See, e.g., Nieves v. Bank of America, N.A.*, No. 14-CV-2300, 2015 WL 753977 at *6 (N.D.Ill. Feb. 20, 2015).

finding that they are parallel.") (citation omitted); *see, e.g., Nieves v. Bank of America, N.A.*, No. 14-CV-2300, 2015 WL 753977 at *4 (N.D.Ill. Feb. 20, 2015) (finding state foreclosure action and federal case regarding breach of contract, FDCPA, ICFA, RESPA, and TILA were parallel where three parties were involved in both actions but one party in federal action was not in state action); *Pirard v. Bank of America*, No. 12 C 2901, 2013 WL 1154294 at *4 (N.D. Ill. Mar. 19, 2013) (concluding state foreclosure action and federal case were parallel even though some defendant lenders were not parties in state foreclosure action); *Charles v. Bank of America, N.A.*, No. 11 CV 8217, 2012 WL 6093903 at *4 (N.D. Ill. Dec. 5, 2012) (same).

Furthermore, there is a substantial likelihood that the state foreclosure action will dispose of all claims presented in Delaney's complaint, which is the critical question in considering whether a state and federal case are parallel. *See Huon*, 657 F.3d at 646 (quotation omitted). If the state court concludes that Delaney defaulted on the mortgage and permits Structured to foreclose on the property, then Delaney's breach of contract claim will be moot because the state court will have determined that Defendants are not bound by the modified mortgage. Likewise, Delaney's RESPA and FDCPA claims will be resolved because they relate to whether Defendants improperly attempted to collect debts that Delaney did not owe. Delaney's ICFA claim will also be disposed of because the state court will hold that Defendants permissibly pursued foreclosure on the mortgage. While the state foreclosure action may not dispose of every component of Delaney's claims it will certainly resolve the bulk of the factual and legal questions "by examining largely the same evidence" as this case. *Id.* at 647. The fact that the state foreclosure action is not guaranteed to resolve every issue is not fatal to finding the cases parallel because exact replication is not necessary. *See TruServCorp v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) ("lawsuits need not be identical to be considered parallel"); *AAR Int'l,*

7

*Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) ("The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case."). Moreover, any discrepancy between the state foreclosure action and this case does not raise a substantial doubt that the state foreclosure action will be an "adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28. Accordingly, the state foreclosure action and this case are parallel because they involve a sufficient number of the same parties, arise from an identical set of facts, and present analogous legal issues that the state court has a substantial likelihood of resolving.

      Delaney cites to a number of cases that are inapplicable to these facts. (Dkt. No. 39 at 5-6.) For instance, in *McKenney-Becker v. Sageuard Properties, LCC* the Court found the state and federal cases were not parallel because no defendant in the federal case was party to the state foreclosure action; but here, Structured is party to both state and federal actions. No. 14-CV-04514, 2015 WL 170520 at *7 (N.D. Ill. Jan. 13, 2015). Additionally, *Vangsness v. Deutsche Bank National Trust Co.* is inapposite because there the state court had stayed the foreclosure proceedings until the federal action was resolved. No. 12 C 50003, 2012 WL 5989354 at *6 (N.D. Ill. Nov. 29, 2012). Plus the defendants did not explain why the actions were parallel but merely included one sentence arguing for abstention under *Colorado River*. *Id.*

## II.    Factors Weigh in Favor of Abstention

      Because the state and federal cases are parallel, the Court must next weigh ten factors in order to determine whether to abstain. *See Adkins*, 644 F.3d at 500-01. Although no one factor

8

is indicative of abstention, the Supreme Court in *Colorado River* warned that "the presence of federal-law issues must always be a major consideration weighing against surrender." *Huon*, 657 F.3d at 648 (quoting *Moses H. Cone*, 460 U.S. at 26). Because of the presumption against abstention, absent or neutral factors favor exercising jurisdiction. *Id.*

The state court has assumed jurisdiction over the property in its foreclosure action and the state foreclosure action was filed eight months before the instant federal action, so the first and fourth factors favor abstention. *See Adkins*, 644 F.3d at 500. In the state foreclosure action, Structured moved for an order of default and judgment for foreclosure and sale.[2] (Dkt. No. 29, Ex. A.) This case in the meanwhile remains in the motion to dismiss phase, and thus the seventh factor favors abstention. Similarly, the third factor regarding the desirability of avoiding piecemeal litigation weighs in favor of abstention because the state foreclosure action will probably dispose of a majority of the factual and legal issues presented in this case. Abstaining therefore would prevent the parties from simultaneously litigating mirror issues in state and federal court and save judicial resources as *Colorado River* intended. *See id.*; *Colorado River*, 424 U.S. at 817. The sixth factor also favors abstention because the state court is fully capable of protecting Delaney's federal rights. Delaney could raise her state law claims for breach of contract and violation of ICPA in the state foreclosure action as well as her claims under the FDCPA, RESPA, and TILA because these statutes grant concurrent jurisdiction in federal and state courts. As such, the eighth factor favors abstention. Finally, Delaney could have removed the foreclosure action to federal court based on diversity jurisdiction but did not, so the tenth factor favors abstention. In sum, because the state and federal cases are parallel and seven of the ten factors weigh in favor of abstention, the Court invokes its right to abstain from exercising

---

[2] The Court may take judicial notice of court orders, public records, and items appearing in the record of another court proceeding. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

jurisdiction under the *Colorado River* doctrine. This conclusion aligns with the holdings of other district courts in this district addressing these factors in similar claims arising out of state foreclosure actions. *See, e.g., Nieves*, 2015 WL 753977 at *5-6; *Smith v. Bank of America, N.A.*, 14 C 1041, 2014 WL 3938547 at *3 (N.D.Ill. Aug. 12, 2014); *Pirard*, 2013 WL 1154294 at *4; *Charles*, 2012 WL 6093903 at *4; *Petit v. Washington Mut. Bank, F.A.*, No. 12 C 318, 2012 WL 3437287 at *4 (N.D.Ill. Aug. 14, 2012) (Kendall, J.).

Defendants argue that if the Court decides to abstain pursuant to *Colorado River*, the Court should dismiss Delaney's complaint. (Dkt. No. 26 at 7; Dkt. No. 29 at 7.) Meanwhile Delaney requests that the case be stayed if the Court finds the *Colorado River* doctrine applies. (Dkt. No. 39 at 8-9.) Having concluded that abstention is proper under *Colorado River*, the Court will not address the Defendants' arguments that the Complaint should be dismissed under Rule 12(b)(6). The Supreme Court left both dismissal and a stay as options where the Court determines that the *Colorado River* doctrine applies. *See Selmon v. Portsmouth Drive Condominium Ass'n*, 89 F3d 406, 409 (7th Cir. 1996). But the Seventh Court has concluded that a stay of the federal proceedings rather than a dismissal is appropriate when abstention is necessary under *Colorado River* because the federal forum should be available to the plaintiff in case the state court does not prove to be an adequate adjudication of the issues. *See id.*; *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002) (dismissing instead of staying a case would be "illogical"). A stay and not a dismissal is proper because a stay "allows the federal court to retain jurisdiction over the federal action in case the state litigation washes out for some reason and fails to reach its anticipated end of a final decision on the merits." *LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1562 (7th Cir. 1989) (quotation omitted).

Considering that abstention is required, the Court therefore stays this case in order to allow the state foreclosure action to proceed.

## **CONCLUSION**

For the reasons stated herein, the Court holds that abstention is necessary under the *Colorado River* doctrine. Accordingly, the Court denies the Defendants' motion to dismiss without prejudice and instead stays the case.

                                                Virginia M. Kendall
                                                United States District Court Judge
                                                Northern District of Illinois

Date: 12/3/2015